UNITED STATES of America,
Plaintiff–Appellee

v.

Alan MEJIA–AGUIRRE, also known as Allan Bladimir Mejia, Defendant–Appellant.

No. 06–30937.

United States Court of Appeals,
Fifth Circuit.

Feb. 13, 2007.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

357

Jean Bing Simpson, U.S. Attorney's Office Eastern District of Louisiana, New Orleans, LA, for Plaintiff-Appellee.

Roma A. Kent, Assistant Federal Public Defender, Federal Public Defender's Office Eastern District of Louisiana, New Orleans, LA, for Defendant-Appellant.

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Defendant-appellant Alan Mejia–Aguirre ("Mejia") pleaded guilty to one count of reentry of a deported alien previously convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). At sentencing, the district court imposed, over Mejia's objection, an eight-level enhancement under United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 2L1.2(b)(1)(C) for a previous aggravated-felony conviction. The court calculated Mejia's Guidelines total offense level as 13 and his criminal-history category as II, yielding a sentencing range of 15 to 21 months' imprisonment, and it sentenced Mejia to 15 months' imprisonment. Mejia appeals his sentence.

Mejia's sole argument on appeal is that the eight-level enhancement for an aggra-

---

vated-felony conviction was erroneous under *Lopez v. Gonzales,* —— U.S. ——, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006). Mejia's prior felony conviction was for the Texas offense of possession of less than one gram of cocaine. The government concedes that Mejia's prior conviction was not an aggravated felony under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(C); that is, it was not "illicit trafficking in a controlled substance . . . , including a drug trafficking crime (as defined in section 924(c) of Title 18)," 8 U.S.C. § 1101(a)(43)(B), since possession of less than one gram of cocaine is not a "felony punishable under the Controlled Substances Act," 18 U.S.C. § 924(c)(2). The government also concedes that Mejia's sentence should be vacated. We agree.

Accordingly, Mejia's sentence is VACATED and the case REMANDED for resentencing in light of *Lopez.*